IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>v. )<br>SIMON L. WERTENBERGER, )<br>    Defendant. ) | No. 4:20-cr-00203-DGK |

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPRRESS

Now before the Court is Defendant's Motion to Suppress Evidence, ECF No. 31, and Magistrate Judge Gaddy's Report and Recommendation, ECF No. 52. Defendant argued that all evidence obtained as a result of a warrantless traffic stop should be suppressed because 1) law enforcement did not possess reasonable suspicion of criminal activity to justify the traffic stop, and 2) once law enforcement stopped the vehicle in question, law enforcement did not possess probable cause to justify a warrantless search of the vehicle. Mot., ECF No. 31. The Government argued in response that the stop was justified as a community caretaking function because law enforcement sought to enforce a civil order of protection after Defendant retained custody of minor children in violation that order. Suggestions in Opp'n., ECF No. 39. The Government argued in the alternative that the stop was justified by either probable cause or reasonable suspicion of criminal activity. *Id.* Judge Gaddy held that the stop was not justified as a community caretaking function but was justified under *Terry v. Ohio* because law enforcement had reasonable suspicion that Defendant was driving the vehicle and had committed a criminal offense by failing to comply with the order of protection. R. & R. at 16–20, ECF No. 52. Likewise, Judge Gaddy held that the

warrantless search of the vehicle was justified under both the plain view exception and the automobile exception to the warrant requirement.  *Id.* at 20–22.

Both parties object to the report and recommendation.  The Government disagrees with the legal conclusion that the stop was not justified as an exercise of law enforcement's community caretaking function, though it does not contest the overall recommendation.  Obj., ECF No. 54.  Defendant maintains that law enforcement did not possess reasonable suspicion that Defendant was driving the vehicle in question.  Obj., ECF No. 55.

After carefully reviewing the Magistrate's report and conducting an independent review of the record and applicable law, it is hereby ORDERED that Judge Gaddy's Report and Recommendations be ADOPTED.  Defendant's Motion to suppress is DENIED.

**IT IS SO ORDERED**

Date:   August 30, 2021                               /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT