## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
      Plaintiff,                    )
                                   )
      v.                            )          No. 4:20-CR-00203-DGK-01
                                   )
SIMON L. WERTENBERGER,             )
                                   )
      Defendant.                    )

### ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

On June 1, 2022, Defendant pled guilty pursuant to a binding Rule 11(c)(1)(C) written plea agreement to Possession with Intent to Distribute Less than 50 Kilograms of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 1), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). *See* Plea Agreement, ECF No. 73. Under the terms of the agreement, the parties agreed to a sentence of 120 months' imprisonment, the imposition of a four-year term of supervised release as to Count 1 and a three-year term of supervised release as to Count 3, and a $200 mandatory special assessment. Further, the Government agreed to dismiss the remaining Class A felony charge of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). Defendant has not been sentenced yet.

Now before the Court is Defendant's Pro Se Motion to Appoint New Counsel and to Withdraw his Guilty Plea (ECF No. 80), and Defense Counsel's Motion for an Extension of Time to File its Reply to Defendant's Pro Se Motion to Withdraw his Guilty Plea (ECF No. 86). The latter motion (ECF No. 86) is DENIED AS MOOT because Defendant has since filed a pro se reply brief. ECF No. 87. Thus, the issue is fully briefed at this time.

This Order will address Defendant's request to withdraw his guilty plea. The Court will issue a separate order setting a hearing on Defendant's request for a new attorney.[1]

## I. Defendant's motion to withdraw his guilty plea is denied.

Defendant seeks to withdraw his guilty plea because he allegedly felt threatened and coerced into taking the plea due to his counsel's "ineffectiveness [and] a mention of 360 months['] imprisonment] if [he] did not take the plea." Df.'s Mot. to Withdraw at 2. Defendant also claims one of the charges he pled guilty to (Count 1) is an illegal charge because two of his state felony drug convictions were allegedly expunged while he has been awaiting sentencing in this matter. *See* Df.'s Mots., ECF No. 80, 87. The Government objects, arguing Defendant's reasoning is wholly contradictory to the answers he gave under oath at his change of plea hearing. Sugg. in Opp'n., ECF No. 85.

Under Federal Rule of Criminal Procedure Rule 11(d)(2)(B), a defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." The Court must also consider "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). However, if a defendant fails to establish a fair and just reason for withdrawal, these additional factors need not be considered. *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005).

After reviewing the transcript from the change of plea hearing, the Court holds that Defendant knowingly, intelligently, and voluntarily entered the plea. At the hearing, the Court informed Defendant that if he pled guilty, he would be unable to withdraw his plea, and Defendant

---

[1] Defense Counsel has also filed a motion to withdraw as attorney, ECF No. 81, and requested a hearing on the matter, ECF No. 86 at 2.

stated that he understood.  *See* Plea Hearing Tr. at 4, ECF No. 82.  Defendant also expressed that it was his decision and his decision alone to plead guilty, and that he had read and understood the plea agreement.  *Id.* at 9–10.  He also stated that he was satisfied with his attorney's representation and had no complaints about anything she did or failed to do on his behalf.  *Id.* at 8–9.  He did not express that she had threatened him or made any promises related to his sentencing.  Additionally, the Court informed Defendant that he had prior state felony drug offenses which subjected him to an enhanced range of punishment of no more than 10 years imprisonment and no more than a $500,000 fine pursuant to 21 U.S.C. § 841 (b)(1)(D), and Defendant stated that he understood.  *Id.* at 11–13.

Further, Defendant has not provided evidence that his state charges have been expunged, nor has he asserted his innocence of those charges.  *See Nichols*, 986 F.2d at 1201 (one factor to consider is whether a defendant asserts his innocence of the charge).  And regardless, it is still a violation of federal law to possess 8.6 pounds of marijuana with the intent to distribute it.  *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).  Thus, Defendant has failed to establish a fair and just reason for withdrawal.

Because Defendant is merely attempting to renegotiate his plea deal, the Court finds no fair or just reason to allow Defendant to withdraw his guilty plea.  The motion is DENIED.

**IT IS SO ORDERED.**

Date:  July 26, 2023                      /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT